UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERSHWIN NEWMAN,

    Movant,

v.

                                          CR-1-99-46
                                          C-1-01-544

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc. no. 38). Movant also filed a Motion for Leave to Amend his § 2255 Motion (doc. no. 43) and a Traverse to the Government's Response (doc. no. 44). The United States filed Government's Response (doc. no. 41). The Court **GRANTS** the Motion for Leave to Amend and will consider the additional arguments presented by the Movant.

In an Indictment filed May 20, 1999, Gershwin Newman was charged in a one-count Indictment:

> That on or about the 1st of April, 1999, in Cincinnati, Ohio, in the Southern District of Ohio, Gershwin Newman, an alien, entered, and was found in the United States, after having been deported, and removed therefrom on or about January 21, 1994, at or near Baltimore, Maryland, and not having obtained the express consent of the Attorney General to re-apply for admission thereto. In violation of 8 U.S.C. § 1326(a)(1)(2)(A).

Title 8, United States Code, Section 1326 states:

**Reentry of removed alien**:
(a) Subject to subsection (b), any alien who--
    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
    (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this or any prior Act,
shall be fined under title 18, United States Code, or imprisoned not more than 2 years or both.
(b) Notwithstanding subsection (a), in the case of any alien described in such subsection–
    (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both;
    (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;

. . . .

Movant was initially represented by the office of the Federal Public Defender. He subsequently retained his own counsel who filed motions on his behalf. On July 26, 1999, pursuant to a plea agreement with the United States, Movant pled guilty to the one-count Indictment charging a violation of 8 U.S.C. § 1326(a)(1)(2)(A). A presentence report was prepared.

It is clear from a review of the records in this case that Mr. Newman was deported on or about January 21, 1994. This removal was subsequent to convictions for 1) Unlawful Possession with Intent to Distribute Marihuana, an aggravated felony, in the United States

District Court for the Southern District of Florida at Miami in 1972; 2) Forcible Theft, a felony in 1975; 3) Criminal Possession of a Weapon, a felony in 1975; 4) Grand Larceny Third Degree, a felony in 1975; 5) Criminal Possession of Narcotic Drugs, a felony in 1981; and 6) Criminal Possession of a Weapon with a Prior Conviction, a felony in 1981. He was found in Cincinnati, Ohio on April 1, 1999. Mr. Newman had not reapplied for admission to re-enter the United States, nor had he obtained the express consent of the Attorney General to re-apply for admission to the United States.

Based upon the November 1, 1998 Edition of the United States Sentencing Guidelines, U.S.S.G. § 2L1.2, the presentence report recommended a Base Offense Level of 8 and a 16-level enhancement pursuant § 2L1.2(b)(1)(A) because he was deported after a criminal conviction "for an aggravated felony" in the United States District Court for the Southern District of Florida at Miami in 1972. The <u>Application Notes</u> to § 2L1.2 refer to the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43), which reads "(B) illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act [21 USCS § 802] including a drug trafficking crime (as defined in Section 924( c) of Title 18, United States Code)". He received a 3-level reduction for acceptance of responsibility. The Movant had a Criminal History Category of VI, therefore, his sentencing range was 77 to 96 months. The Probation Officer recommended a sentence of 96 months. The presentence report contained a memo from defense counsel which outlined his

understanding of the facts surrounding the 1972 conviction for the unlawful possession with intent to distribute marihuana.

Two issues were also raised in the Addendum to the presentence report: changes to the "Identifying Information" and a request for a 2-level departure because the movant consented to deportation.

Mr. Newman was sentenced by the Court on October 22, 1999 to a term of 77 months imprisonment followed by a term of 3 years of Supervised Release. The Movant was sentenced under 18 U.S.C.§ 1326(b)(1) which dictated he should be fined and imprisoned for not more than 10 years because he had been convicted of at least five felonies prior to his removal.

Movant appealed his case to the United States Court of Appeals for the Sixth Circuit. A mandate issued on September 7, 2000. The sole issue on appeal was whether the District Court improperly sentenced petitioner when it denied his request for a two-level downward departure. The Court of Appeals concluded in case No. 99-4297 that the argument was not reviewable. Additionally, the court reviewed the record and discovered no error warranting reversal of his conviction or sentence. It noted that Mr. Newman entered a valid guilty plea and "was also properly sentenced". (doc. no. 36)

### § 2255 Claims

In his Motion to Vacate, Movant claims that he suffered multiple Sixth Amendment violations in that he was denied his right to effective assistance of counsel and his right to

be sentenced by due process of law. Petitioner claims that his trial counsel was ineffective during sentencing for failing to raise with the Court: (1) that the conviction which was relied upon to deport him, which was also relied upon to charge him for re-entry, is invalid under *Gideon v. Wainwright* and (2) that the PSI was wrong in assigning 16 points to Movant's Base Offense level of 8, when only 4 points are required to be added for an offense under 8 U.S.C. § 1326(a)(1) and (b)(1), as opposed to (b)(2). In his Motion for Leave to Amend (doc. no. 43), Movant adds a third ground: the 16-level increase in his Base Offense Level under U.S.S.G. § 2L1.2 must be reduced at least 4-levels pursuant to U.S.S.G. Amendment 632.

### Generally Applicable Law

1. § 2255

Under Section 2255, the sentencing Court is authorized to discharge or resentence a defendant if it concludes that it "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." Unless the claims are a lack of jurisdiction or constitutional error, the scope of collateral attack has remained limited. *United States v. Addonizio,* 442 U.S. 178 (1979). An error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States,* 368 U.S. 424 (1961).

To obtain relief under 28 U.S.S.§ 2255, a defendant must establish the denial of a substantial right or a defect that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief is available when a "a sentence is imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . ." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)(quoting 28 U.S.C. § 2255). Apart from constitutional error, the question is 'whether the claimed error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994)(quoting *Hill v. United States*, 368 U.S. 424 (1962)). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

2. Ineffective assistance of counsel

To obtain relief on a claim of failure to receive effective assistance of counsel, Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced by the result. *Glenn v. Tate*, 71 F.3d 1204, 1206

(6th Cir. 1995)(quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The *Glenn* Court stated at 1210-11:

> Under the *Strickland* test, the petitioner must show a "reasonable probability" that, but for his counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The petitioner does not have to show that his counsel's deficient conduct "more likely than not altered the outcome in the case." Id. at 694, 104 S.Ct. at 2068. The "reasonable probability" of which *Strickland* speaks, rather, is "a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068. The question, in other words, is whether counsel's errors were serious enough to deprive the petitioner of a proceeding, the result of which was "reliable" Id. at 687, 104 S.Ct. at 2064- "whether counsel's conduct so undermined the proper functioning of the adversarial system that the trial [a term that includes capital sentencing proceedings] cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. at 2064.

Any error by counsel which increases, however, slight, the time in which a defendant would serve incarcerated does provide prejudice under the ineffective standard. *Glover v. United States*, 531 U.S. 198 (2001).

### Analysis of Petitioner's Claims

1. The Drug Offense was Void and Counsel's Failure to Argue it

Movant claims that he was improperly sentenced because in 1972 he was not represented by an attorney when he plead guilty to the Unlawful Possession with Intent to Distribute Marihuana. Citing *Daniels v. United States*, 532 U.S. 374 (2001) and *Custis v. United States*, 511 U.S. 485 (1994), he argues that this violation of *Gideon v. Wainwright*,

372 U.S. 335 (1963) invalidates his 1972 conviction, the order of deportation based upon it, and the conviction in this case because it is based on the invalid order of deportation. He further argues that this argument can be brought in a § 2255 Motion if brought up at the sentencing phase. These arguments have no merit.

Title 8, United States Code, Section 1326(d) states:

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) of this section unless the alien demonstrates that-
(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
(3) the entry of the order was fundamentally unfair.

Paragraphs 13 and 14 of the presentence report, which were undisputed, describe the circumstances of Mr. Newman's deportation:

13. The defendant was convicted of Unlawful Possession with Intent to Distribute Marijuana in the United States District Court in the Southern District of Florida on August 11, 1972. He was subsequently sentenced to three months incarceration and was released from jail October 26, 1972. On June 11, 1973, he was ordered deported, but filed an appeal. The Order of Deportation was upheld and Mr. Newman was again ordered deported October 25, 1973, with a scheduled date to leave the country of November 28, 1973. Attorney William H. Meyers III represented Mr. Newman in the deportation hearing which was again appealed. After numerous administrative hearings and appeals, as well as long delays because the defendant was incarcerated on various other charges, Mr. Newman was formally deported January 21, 1994, via Air Jamaica, Flight No. 40, from Baltimore, Maryland.
14. At the time of deportation, the defendant was provided a copy of the Notice of Country to Which Deportation Has Been Directed and Penalty for Re-Enter Without Permission. This document instructed Mr. Newman that in the event he wished to return to the United States, he must write the United States Department of Justice, INS; or, the United States Consular Office nearest his residence abroad as to how to obtain permission to return after deportation. The document goes on to state that

permission to return to the United States must be obtained from the Attorney General if the individual is seeking admission within five years of the deportation or removal, or within twenty years if the deportation was subsequent to a conviction for aggravated felony. This document, also known as Form I-294, outlines the penalties for any alien who enters the United States after deportation unless the Attorney General expressly consents to the alien's re-application for admission.

Movant alleges that his trial counsel's failure to raise the issue to this Court that his conviction for the Unlawful Possession with Intent to Distribute Marihuana by the United States District Court for the Southern District of Florida at Miami should be vacated was ineffective representation by his counsel entitling him to relief.

Movant's counsel filed a Motion for Dismissal and in the Alternative Motion to Suppress in which he requested dismissal of the charge or suppression of any and all evidence of the prior deportation of Movant (doc. no. 15). The justification for the request was that the hearing for deportation was done without the presence of the Movant and without Movant having benefit of counsel. Additionally, when Movant was deported on January 21, 1994, the proceedings were done without the benefit of counsel. Movant's counsel argued that the right to obtain counsel at a person's own expense is a right that must be respected (doc. no.15 - filed 6/28/99).

The Motion to Dismiss with others was withdrawn by the Movant. (doc. no. 23). The Movant was well aware of his right to have a lawyer represent him in the deportation proceedings and was represented by counsel at those proceedings. While movant does not contest his prior convictions for five felonies, Movant argues that his conviction in 1972 for

9

the Unlawful Possession with the Intent to Distribute Marihuana, an aggravated felony, is void under *Gideon v. Wainwright*, 372 U.S. 335 (1963). Movant states "He pleaded guilty on August 11, 1972 and was sentenced to three months to be served at Eglin Florida Jail. Because the offense was minimal and the sentence he faced small, no counsel was appointed for Petitioner. Nor did Petitioner hire any attorney."

Significantly, Movant does not say that he was denied counsel or that he was indigent or that he did not waive counsel. The conviction and sentence occurred in the United States District Court for the Southern District of Florida at Miami. This Court concludes that it is more likely than not that Movant waived his right to counsel because he said that he knew the offense was minimal and the sentence he faced was small. It is reasonable to believe that the Movant could not have reached such a conclusion unless he had advance notice before he plead that the offense would be considered minimal and the sentence would be small. Armed with such knowledge, he then made the decision to proceed to plead guilty without counsel. The conviction for the aggravated felony is valid. Additionally, Movant does not allege the remaining five felony convictions which also support his original deportation on January 21, 1994 are invalid.

Based on the record, the Court finds that the deportation proceedings at which the order was issued did not improperly deprive Mr. Newman, the alien, of the opportunity for judicial review. He was represented by counsel. He has not demonstrated in any other way

that the entry of the order was fundamentally unfair. The Court concludes the Deportation Order is not subject to collateral attack.

In addition, the record in this case discloses that Movant's lawyer did raise the issues regarding the original deportation order now raised by Movant. The record establishes that Movant withdrew the issues and voluntarily entered his plea of guilty while he was represented by counsel in this Court.

During the plea colloquy, the Movant and numerous family members spoke at length. The Movant admitted the elements, to wit: that on the first day of April when he was apprehended, he was an alien, he was in the United States after having been deported, and he had not re-applied for admission to the United States.

The plea agreement and proceedings restricted his sentence to a maximum of ten years rather than twenty years in lieu of pursuing a meritless claim. His lawyer was not ineffective. His conviction of a violation of 8 U.S.C. §1326 and enhancement required by U.S.S.G. § 2L1.2(b)(1) are valid.

2.   Erroneous Assignment of 16 Points

Movant alleges that he was charged under Title 8 U.S.C. § 1326(b)(1), not (b)(2) claiming this is reflected in the Indictment, the plea agreement, the presentence report, and the Plea Colloquy. The sections he refers to are the penalty sections of the statute under which he was charged, Title 8, United States Code, Section 1326. The plea agreement does not refer to (b)(1) specifically, but does reflect the maximum imprisonment listed in (b)(1).

The presentence report does refer to (b)(1) and the penalty called for under (b)(1). During the plea colloquy, the Assistant United States Attorney indicated that the maximum penalty was ten years as called for in (b)(1) (doc. no. 33, p.9) and later stated that it was, in fact, (b)(1). The maximum penalty for a (b)(1) offense is ten years imprisonment; the maximum penalty for a (b)(2) offense is twenty years imprisonment. The Court finds that the Sentencing Guideline calculation was proper. The 1972 conviction is valid and does qualify under U.S.S.G. § 2L1.2(b)(1)(A) as an aggravated felony. The sixteen (16) levels were appropriately assessed under the edition of the Sentencing Guideline Manual effective at the time. The Court finds that the sentence was not imposed in violation of the Constitution or the laws of the United States. The Court had jurisdiction to impose the sentence. The sentence was not in excess of the maximum allowed by law of ten years.

3. Amendment 632

Movant contends that he should receive the advantage of the sentencing commission's amendment providing for a more graduated increase of between 8 and 16 levels. It retains the 16 points for prior drug trafficking convictions in which the sentence imposed exceeded 13 months.

Movant claims the amendment entitles him to a reduction in the length of his imprisonment. According to 18 U.S.C. § 3582( c)(2), "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion

of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added); see also 28 U.S.C. § 994(u)(2); *Braxton v. United States*, 500 U.S. 344 (1991) (citation omitted). The reduction the defendant seeks is inconsistent with the policy statements of the Sentencing Commission.

Congress gave the Sentencing Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. *United States v. Braxton*, 500 U.S. 344 (1991). This power has been implemented in U.S.S.G. § 1B1.10 which sets forth the amendments that justify sentence reduction. The pertinent provisions of U.S.S.G. § 1B1.10 provide:

> (a)   Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582( c)(2). <u>If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582( c)(2) is not consistent with this policy statement.</u>
>
> (d)   Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, and 606.

(Emphasis added). The amendment to U.S.S.G. § 2L1.2 is not listed in § 1B1.10(d) and, therefore, is not to be applied retroactively. Although certain amendments are retroactive and may be considered for sentence reduction under 18 U.S.C.A. § 3582( c)(2) (West Supp. 1992), the amendment to U.S.S.G. § 2L1.2 was not intended to be retroactive, and thus cannot be applied to Movant's sentence. See U.S.S.G. § 1B1.10(a), (d) (Nov. 2002).

## Conclusion

Pursuant to Title 28, U.S.C. § 2255, the Court finds that motions, files, and records of this case conclusively show that the Movant is entitled to no relief, therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto.

Movant has not established the denial of a substantial right or a fundamental defect in the proceedings. Nothing in the entire record suggests that he was denied due process. He was not sentenced in excess of the maximum authorized by law nor is his sentence otherwise subject to collateral attack. His counsel's representation was effective and professional. Mr. Newman's own actions prior to this conviction contributed to his high sentencing range.

Movant's Motion (doc. no. 38) is hereby **DENIED**.

A certificate of appealability shall not issue in this case because Mr. Newman failed pursuant to the foregoing to establish the denial of a substantial right, a defect in the process that is inconsistent with the rudimentary demands of fair procedure, that the Court was without jurisdiction to impose his sentence or that his sentence was in excess of the maximum authorized by law. *See Rule 22 of The Federal Rules of Appellate Procedure; Sims v. United States 244 F.3d 509 (6th Cir.2001).*

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court